UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHYLLIS SCHULTZ,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY<br>ADMINISTRATION,<br><br>        Defendant. | 2:06-cv-01051-RCJ-RJJ<br><br>REPORT & RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE<br>(Plaintiff's Motion for Reversa;(#14);<br>Defendant's Motion for Remand (#17)) |

This matter comes before the undersigned Magistrate Judge on Plaintiff's Motion for Reversal (#14) and Defendant's Motion for Voluntary Remand (#17). The Court, having considered, Plaintiffs' Motion (#14), Defendant's Motion for Remand (#17), Plaintiff's Opposition (#18), and the Administrative Record, now makes the following Report and Recommendation.

**BACKGROUND**

This case arises out of the denial of Social Security benefits to Plaintiff, Phyllis Schultz (Schultz). Shultz is a 61-year old individual and from the date of her alleged onset of disability she is classified as a person of "advanced age" for Social Security purposes. Schultz first applied for Social Security insurance benefits on December 4, 2003, claiming the inability to work since May 2, 2003, due to Chronic Obstructive Pulmonary Disease (COPD), diabetes mellitus, and neuropathy. The claim was denied on March 8, 2004, and again upon reconsideration on June 11, 2004. A timely written request for a hearing was filed by Schultz, and the hearing was held on September 22, 2005, by an Administrative Law Judge (ALJ). At the hearing, the ALJ heard testimony evidence from Shultz and Robin Generaux-Verre, Ph.D., a vocational expert.

On April 25, 2006, the ALJ issued its decision finding that Shultz was not disabled as defined in the Social Security Act. 42 U.S.C. § 401, et seq. Shultz requested administrative review by the Appeals Council; however, the request was denied, making the ALJ's findings the final decision. Shultz, in proper person, filed the instant action pursuant to 42 U.S.C. §§ 405(g).

**DISCUSSION**

**I. STANDARD OF REVIEW**

The Social Security Act provides that the reviewing court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In deciding "whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court;" however, remanding the case for further proceedings is unnecessary when the record is fully developed. Reddick v. Chater, 157 F.3d 715, 728 (9th Cir. 1998). The reviewing court must determine whether the ALJ's decision is free of legal error and is supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The facts are given a full review to independently determine whether the ALJ's findings were supported by substantial evidence. Smolen, 80 F.3d at 1279.

Substantial evidence means "more than a scintilla but less than a preponderance." Id. (citing Richardson v. Perales, 402 U.S. 389, 402 (1971); Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 228 (1938). Thus, the reviewing court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." Smolen, 80 F.3d at 1279. "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] own judgment for that of the ALJ." Robbins v. SSA, 466 F.3d 880, 882 (9th Cir. 2006).

**II. THE SOCIAL SECURITY ACT**

To qualify for Social Security disability benefits, a person must demonstrate that a medically

determinable physical or mental impairment prevents her from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423 (d)(1)(a); see Reddick, 157 F.3d at 721. The Social Security Act requires that disability claims be evaluated according to a sequential five-step process. 20 C.F.R. § 404.1520(a); see also Reddick, 157 F.3d at 721; Batson v. Comm'r of the SSA, 359 F.3d 1190, 1194 (9th Cir. 2004); Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991). If a claimant is found disabled or not disabled at any step in the evaluation process, the review process ends. Reddick, 157 F.3d at 721. If the ALJ cannot determine whether a claimant is disabled or not disabled at a step, the ALJ will move on to the next step in the process. 20 C.F.R. § 404.1520(a)(4). Before the ALJ moves to step three or four, the ALJ must assess the claimant's residual functional capacity which is used for both step four and five in evaluating the claim. Id. The burden of proof remains with the claimant until step five, where it then shifts back to the Commissioner. Reddick, 157 F.3d at 721 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

At the first step, the ALJ must consider the claimant's work activity, and if the claimant is gainfully employed, the ALJ will determine the claimant to be not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At the second step, the ALJ must consider the medical severity of the claimant's impairment(s). 20 C.F.R at §404.1520(a)(4)(ii). If the severe impairment(s) does not meet the duration requirement, the ALJ will determine the claimant to be not disabled. Id. At the third step, the ALJ must consider the medical severity of the claimant's impairment(s) to see if the impairment(s) meets or equals an impairment listed in appendix 1 and meets the durational requirement; if it does the ALJ must find the claimant to be disabled. 20 C.F.R at §404.1520(a)(4)(iii). At the forth step, the ALJ must consider an assessment of the claimant's residual functional capacity and past relevant work. 20 C.F.R. at §404.1520(a)(4)(iv). If the ALJ finds that the claimant can still do the past relevant work, the ALJ will determine the claimant to be not disabled. Id. At the fifth and final step, the ALJ must consider an assessment of the claimant's residual functional capacity and the claimant's age, education, and work experience to determine whether the claimant can make adjustments to do other work. 20 C.F.R. at §404.1520(a)(4)(v). If the claimant cannot make adjustments to other work, the ALJ will find the claimant to be disabled;

1  otherwise, the ALJ will find the claimant to be not disabled.  Id.

2  At issue here is whether the ALJ's decision was free of legal error and supported by

3  substantial evidence.  The Court must determine whether the reasons for discrediting Schultz's

4  subjective symptom testimony, and the physician's opinion were legally sufficient.  Moreover, the

5  Court must determine whether substantial evidence supports the ALJ's finding of Shultz's residual

6  functional capacity.

### III. THE ALJ'S DECISION

The ALJ made the following seven conclusions:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008. . . .
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 et seq.). . . .
>
> 3. The claimant has the following sever impairment: COPD, diabetes mellitus and diabetic neuropathy (20 CFR 404.1520(c)). . . .
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday. . . .
>
> 6. The claimant is capable of performing past relevant work as an airline security representative and a kitchen helper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). . . .
>
> 7. The claimant has not been under a "disability," as defined in the Social Security Act, from May 2, 2003 through the date of this decision (20 CFR 404.1520(f)).

Record at 16-18.  By finding Schultz not disabled, the ALJ rejected her subjective symptom testimony, the opinions of her treating physician, and the testimony of the vocational expert.  The Court must first review "the rejection of that evidence for legal error and then determine whether the ALJ's findings were supported by substantial evidence."  Smolen, 80 F.3d at 1281.

. . . .

- 4 -

**Schultz's Subjective Symptom Testimony**

Shultz testified at the hearing that she suffers from various impairments including severe pains which constitutes her most significant symptom. Admin. R. at 160. The ALJ stated, "[a]fter considering the evidence of record, <u>the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms</u>, but that the <u>claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible</u>." Record at 17 (emphasis in original).

The Ninth Circuit has stated that in "deciding whether to accept a claimant's subjective symptom testimony, the ALJ" must perform the two-step <u>Cotton</u> test and an analysis of the credibility of the testimony. <u>Smolen</u>, 80 F.3d at 1281; <u>Cotton v. Bowen</u>, 799 F.2d 1403 (9th Cir. 1986). If the claimant satisfies the <u>Cotton</u> test and no evidence of malingering exists, the claimant's testimony regarding the severity of symptoms may be rejected by the ALJ "only by offering specific, clear and convincing reasons for doing so." <u>Smolen</u>, 80 F.3d at 1281.

**A. The <u>Cotton</u> Test**

Under the <u>Cotton</u> test, the claimant "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." <u>Smolen</u>, 80 F.3d at 1282 (internal quotations omitted). This is done by having the claimant (1) produce objective medical evidence of an impairment(s); and (2) showing that the impairment(s) may "reasonably be expected to (not that it did in fact) produce some degree of symptom." <u>Id.</u> The claimant is not required to "produce objective medical evidence of the pain or fatigue itself . . . the severity thereof . . . [or] of the causal relationship between the medically determinable impairment and the symptom." <u>Id.</u> "The Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon." <u>Id.</u>; see <u>Howard v. Heckler</u>, 782 F.2d 1484, 1488 (9th Cir. 1986). Having the claimant show that her symptoms "could reasonably have caused some degree of the symptom . . . reflects the highly subjective and idiosyncratic nature of pain and other such symptoms." <u>Id.</u>

In the present matter, in rejecting Schultz's subjective symptom testimony, the ALJ failed to provide specific clear and convincing reasons for doing so. Schultz provided the ALJ with

1  uncontradicted objective medical evidence indicating that she had COPD, diabetes mellitus and
2  diabetic neuropathy. The treating physician's medical records, notes, and reports were provided to
3  the ALJ, as well as several clinical lab results.  Furthermore, Schultz testified concerning her
4  disability and degree of pain. Record. at 156-72.  The ALJ concluded that Schultz had COPD,
5  diabetes mellitus and diabetic neuropathy and that these "impairments could reasonably be expected
6  to produce the alleged symptoms." Record at 16-17.  Schultz satisfied the Cotton test and the ALJ
7  did not find that malingering existed; therefore, Schultz's credibility could only be rejected by
8  pointing to specific, clear and convincing evidence in the record.

9  **B. Credibility of Schultz's Statements**

10  "Once a claimant meets the Cotton test and there is no affirmative evidence suggesting she
11  is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms
12  only if he makes specific findings stating clear and convincing reasons for doing so." Smolen, 80
13  F.3d at 1284; Social Security Ruling (SSR) 96-7p.  The ALJ must specifically state the facts in the
14  record that lead to the conclusion that the symptom testimony is not credible. Social Security Ruling
15  (SSR) 96-7p  helps explain the factors that should be considered when assessing the credibility of
16  an individual's statements about pain or other symptom(s). SSR 96-7p.  First, the adjudicator must
17  consider whether the claimant has an underlying medically determinable physical impairment(s) that
18  could reasonably be expected to produce the pain or symptoms.  Next, the adjudicator must assess
19  "the intensity, persistence, and limiting effects of the individuals's symptoms to determine the extent
20  to which the symptoms limit the individual's ability to do basic work activities." This assessment
21  must be based on a consideration of all of the evidence in the record, including but not limited to:
22  medical signs and laboratory findings; diagnosis, prognosis, and other medical opinions provided
23  by treating or examining physicians and other medical sources; and  statements and reports from the
24  claimant, treating or examining physicians, others having knowledge about the claimant's medical
25  history, "treatment and response, prior work record and efforts to work, daily activities, and other
26  information concerning the individual's symptoms and how the symptoms affect the individual's
27  ability to work."
28  "While an ALJ may find testimony not credible in part or in whole, he or she may not

1  disregard it solely because it is not substantiated affirmatively by objective medical evidence."
2  Robbins, 466 F.3d at 883.  The adjudicator may not "make a single, conclusory statement that 'the
3  individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" SSR
4  96-7p.  Moreover, the adjudicator may not simply recite factors described in the regulations for
5  evaluating symptoms.

6        In this case, the ALJ made prohibited conclusory statements in discrediting Schultz's pain
7  symptoms.  The ALJ stated that "[a]fter considering the evidence of the record . . . the claimant's
8  statements concerning the intensity, duration and limiting effects of these symptoms are not entirely
9  credible." Record at 17.  The ALJ supported this conclusory statement by stating that records from
10 Dr. Jonak, Shultz's treating physician, "do not indicate the need for limited activities . . . [e]xams
11 including neurological, have been essentially within normal limits and the diabetes appears well
12 controlled with medications . . .[a]lthough diagnosed with COPD, no medications have been
13 prescribed and the claimant continues to smoke." Record at 17.  The ALJ failed to give specific
14 reasons for discrediting Schultz as required by SSR 96-7p.  Robbins, 466 F.3d at 884.  Although
15 neurological exams by testing a patient's reflexes or sensations, or having diabetes controlled with
16 medication, may give some indication of the status of the disability, it does not account for possible
17 pain suffered by Schultz.  The ALJ committed  legal error by not citing substantial evidence to
18 discredit Schultz's subjective symptom testimony.  Even though the ALJ may have given some
19 "facially legitimate reasons for his partial adverse credibility finding, the complete lack of
20 meaningful explanation gives [the C]ourt nothing with which to assess its legitimacy." Robbins, 466
21 F.3d at 884.

22       **C. Credibility of Physicians' Opinion**

23       Similar to the analysis of a  claimant's credibility, to discredit a physician's credibility, the
24 ALJ must make "findings setting forth specific, legitimate reasons for doing so that are based on
25 substantial evidence in the record." Smolen, 80 F.3d at 1285.  The Ninth Circuit has  found that
26 "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and
27 observe the patient as an individual, their opinions are given greater weight than the opinions of
28 other physicians." Id.

1    In the case at hand, Schultz provided the ALJ with her treating physician's medical records.
2 Michael Jonak, M.D., the treating physician, diagnosed Schultz with peripheral neuropathy on
3 December 22, 2003. Record. at 143. Prior to this date, lab results showed that Schultz had Type II
4 diabetes. Record at 122, 125. Dr. Jonak's opinion outlined how Schultz's physical capacities were
5 dramatically reduced due to her diabetic neuropathy. Record at 16-17, 133-37. Notwithstanding the
6 evidence provided, the ALJ rejected Dr. Jonak's credibility by stating that his treatment notes did
7 not justify the degree of limitation. Record at 17.  In discrediting Dr. Jonak, the ALJ failed to specify
8 contradictory notes, or any reason, regarding the degree of limitation.   The  ALJ, in rejecting Dr.
9 Jonak's opinion, is required to set "out a detailed and thorough summary of the facts and conflicting
10 clinical evidence, stating his interpretation thereof" and make findings. Reddick,157 F.3d at 725.
11 The ALJ failed to do this.  The ALJ committed legal error in rejecting Dr. Jonak's opinion because
12 no specific and legitimate reasons supported by substantial evidence were provided.

13    The ALJ also committed legal error by rejecting the vocational expert's testimony. Dr. Robin
14 Generaux-Verre, the vocational expert, testified at the hearing that Schultz did not exhibit skills that
15 could be transferred "to other semiskilled or skilled work at the sedentary exertional level." Record.
16 at 173.  No evidence was provided in the ALJ's decision to reject Dr.Generaux-Verre's opinion.
17 This part of the vocational expert's testimony was omitted entirely from the opinion.  The Court
18 finds that the ALJ committed legal error in rejecting Dr. Generaux-Verre's opinion.  The ALJ failed
19 to provide clear and convincing reasons, supported by substantial evidence, to discredit Dr.
20 Generaux-Verre.

21 **Residual Functional Capacity**

22    Since the Court finds that the ALJ committed legal error in discrediting the physicians'
23 opinions and Schultz's credibility, legal error was committed by the ALJ in determining Schultz's
24 residual functional capacity. See 20 CFR 404.1545; SSR 96-8p. The ALJ in the decision stated that:
25 "[a]fter careful consideration of the entire record, the undersigned finds that the claimant has the
26 residual functional capacity to lift/carry 50 pounds occasionally and 25 pound frequently, stand/walk
27 about 6 hours in an 8-hour workday and sit about 6 hours in an 8-hour workday." Record at 17.
28 Moreover, the ALJ found that "[t]he claimant is capable of performing past relevant work as an

- 8 -

Case 2:06-cv-01051-RCJ-RJJ   Document 19   Filed 04/10/08   Page 9 of 10

1  airline security representative and a kitchen helper . . .[t]his work does not require the performance
2  of work-related activities precluded by the claimant's residual functional capacity." Id. These
3  conclusions are not supported by substantial evidence. Schultz testified that she weighs 110 lbs., and
4  that she can rarely lift a gallon of milk which weighs about 7 lbs. Record at 161, 167. It is clearly
5  erroneous to conclude that Schultz can lift half of her body weight "occasionally" with no evidence
6  to support this finding. The Court concludes that the ALJ committed legal error in deciding
7  Schultz's residual functional capacity.

**IV. CONCLUSION**

9  The Court has discretion to either remand the case for additional evidence or for an award
10  of benefits. Reddick, 157 F.3d at 728. If the record is fully developed, remanding the case for
11  further proceedings is unnecessary. Id. The Ninth Circuit holds:

> In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, we will . . . take that testimony to be established as true.

16  Varney v. Secretary of Health & Human Services, 859 F.2d 1396, 1401 (9th Cir. 1988); see also
17  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1988) (accepting uncontradicted testimony as true
18  and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting
19  the opinion of claimant's treating physician).

20  In the present matter, the ALJ failed to provide clear and convincing reasons for discounting
21  opinion and testimony evidence by Schultz, her treating physician, and the vocational expert. The
22  Court accepts Schultz's testimony as true. Moreover, it is clear from the administrative record that
23  if the vocational expert's testimony is established as true, then under step four of the Social Security
24  Act's five-step sequential process, Schultz is entitled to an award of benefits. 20 C.F.R
25  §404.1520(a)(4)(iv). Since the record is fully developed, and remanding the case for further
26  proceedings is unnecessary, the Court reverses the decision of the ALJ and the Commissioner and
27  remands for an award of benefits. Accordingly, Defendant's Motion for Remand (#17) is denied.
28  . . . .

**RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge **Defendant's Motion for Remand (#17) be DENIED**.

IT IS FURTHER RECOMMENDED that Plaintiff's **Motion for Reversal (#14) be GRANTED.**

IT IS FURTHER RECOMMENDED that this case be remanded to the Administrative Law Judge for an award of benefits.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court **on or before April 23, 2008.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1086). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of April, 2008

.

ROBERT J. JOHNSTON
United States Magistrate Judge